This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38302**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PATRICIO D. ORTEGON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions of possession of a controlled substance and tampering with evidence, challenging the sufficiency of the evidence to support those convictions, along with the district court's denial of a directed verdict. [DS 5] In his docketing statement, Defendant recited that he moved for a directed verdict as to both counts, arguing that, "since the State had not weighed or otherwise quantified the amount of methamphetamine Defendant . . . has possessed, then he could not have 'knowingly' possessed the narcotic, and therefore he was entitled to an acquittal as a matter of law." [DS 4] Defendant's docketing statement identified no other basis for this Court to determine that the trial evidence was insufficient. This Court issued a notice of

proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** Defendant's memorandum continues to assert that the State's evidence in this case was insufficient to establish Defendant's knowledge that a syringe contained methamphetamine. [MIO 6] For the reasons stated in our notice proposing affirmance, we remain unpersuaded. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (noting that repetition of earlier arguments does not satisfy a party's appellate burden).

**{3}** Defendant's memorandum in opposition now also asserts that the State's evidence was insufficient to establish that the syringe, which was retrieved from a rooftop, was the same object that Defendant threw onto that rooftop while being arrested. [MIO 5-6] These events appear to have been recorded by a lapel camera, and the footage from that camera was introduced at trial. [DS 3-4] In his memorandum, Defendant suggests the possibility that the "plastic object" thrown by Defendant was not the syringe subsequently found by a police officer. [MIO 5] This Court, however, does not "substitute its judgment for that of the fact[-]finder." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. As a result, when the evidence supports more than one reasonable finding, "one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393.

**{4}** Defendant's memorandum also challenges the sufficiency of the evidence to establish his intent to tamper with evidence. [MIO 7] Before addressing that question, we note that Defendant suggests that this Court's notice of proposed summary disposition did not address this issue. [Id.] That notice, however, addressed both of Defendant's convictions [CN 1], proposing to affirm the entire judgment entered below [CN 4]. It is true that we did so only in the context of the challenge actually asserted in the docketing statement, which involved the question of whether he was aware that there was methamphetamine in the syringe. [*See* DS 4 (discussing knowledge of possession), 5-6 (citing cases involving trace amounts of cocaine)] Defendant's docketing statement did not raise the separate question of whether he intentionally hampered a police investigation by throwing the syringe onto a rooftop.

**{5}** Turning to that question now, however, we note that Defendant does not suggest any alternate intent or purpose that could explain his actions. As we pointed out in our notice, the issue of:

> A defendant's knowledge or intent generally presents a question of fact for a jury to decide." *State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820. Further, because knowledge, like intent, "can rarely be proved directly [it] often is proved by circumstantial evidence." *State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495. In this case, it

seems that a jury could draw a reasonable inference that Defendant was aware of the contents of the syringe from the fact that he threw it onto a roof while being taken into custody. *See State v. Lujan*, 1985-NMCA-111, ¶ 36, 103 N.M. 667, 712 P.2d 13 (noting that a defendant's actions, such as flight or attempts to deceive police, tend to show consciousness of guilt).

[CN 3-4] A jury would be equally justified in drawing from these facts a reasonable inference that Defendant was hoping that the syringe would not be recovered and that he did so with the specific intent to evade prosecution. [See MIO 9 (quoting the relevant jury instruction, to the effect that the relevant intent was an intent to prevent his "apprehension, prosecution or conviction")] Thus, the circumstances established at trial provided a reasonable basis for the jury to find that Defendant threw the syringe onto the roof and did so in the hope of evading prosecution.

**{6}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**